UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INS. CO.,

           Plaintiff,

v.

JOSHUA GOLDMAN, et al.,

           Defendants.

No. C07-0478MJP

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      This matter comes before the Court on Plaintiff Allstate Insurance Company's motion for summary judgment. (Dkt. No. 39.) Plaintiff moves for a declaration that Allstate is not obligated to provide coverage for, or a defense to, Joshua Goldman or Jeff Goldman for the claims made against them in separate litigation brought by Donna Jasmer. The only remaining defendants — Shaina Huntley, Susan Huntley, and David Huntley — have filed a response, but take "no position regarding what coverage [Allstate] provides to the Goldmans." (Dkt. No. 43.) Having considered Plaintiff's motion, the documents submitted in support thereof, Defendants' response, and the record herein, the Court GRANTS Plaintiff's motion for summary judgment.

**Background**

      This is a declaratory judgment action in which Allstate Insurance Company ("Allstate") seeks entry of a judgment decreeing that Allstate does not have a duty to indemnify or defend Joshua or Jeff Goldman against claims made against them by Donna Jasmer. In August 2006, Donna Jasmer, individually and as the Personal Representative of the Estate of John Jasmer, filed suit against Jeff and Joshua Goldman and others for damages arising from the murder of her son, John Jasmer. (Foley

ORDER - 1

Decl., Ex. A.) Previously, in August 2004, Joshua Goldman pleaded guilty to the charge of first degree murder for the premeditated murder of John Jasmer. (Id. ¶ 4.16.) Donna Jasmer's complaint alleges that Joshua Goldman intentionally killed John Jasmer and that Joshua's parents, Jeff Goldman and Lisa Daniels, are liable for their son's actions. (Id. ¶ 7.5.)

Allstate brought this declaratory judgment action against multiple defendants, including the Goldmans, Donna Jasmer, and others. Plaintiff has obtained a default judgment or stipulated to a dismissal of its claims against all defendants except Defendants Shaina Huntley, David Huntley, and Susan Huntley ("Huntleys"). (See Dkt. Nos. 17, 31, 32, 35). Although the Huntley Defendants had not yet appeared, on July 25, 2007, Plaintiff moved for summary judgment. (Dkt. No. 36.) By Minute Order, the Court struck the motion for insufficient service. (Dkt. No. 38.) On August 22, Plaintiff re-filed its summary judgment motion and provided proof that it had served the Huntleys' attorney. (Dkt. No. 39.) The Huntleys' attorney appeared on their behalf, (Dkt. No. 42) and filed a response to the motion for summary judgment. (Dkt. No. 43.) The Huntleys explain in their response that they have "no claim against the insurance contract in question" and that they "take no position regarding what coverage [the policy] provides to the Goldmans."

**Discussion**

**I.     Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

ORDER - 2

## II. Allstate Policy Does Not Cover Donna Jasmer's Claims Against the Goldmans

Allstate argues that it is not required to provide coverage for, or a defense to, Joshua Goldman and Jeff Goldman for the claims made against them by Donna Jasmer. In her King County Superior Court complaint, Ms. Jasmer alleges that Joshua Goldman and Jenson Hankins "intentionally and with premeditation" killed John Jasmer. (Dkt. No. 40-2, Ex. A, Jasmer Amended Complaint ¶ 6.2.) She further alleges that Goldman and Hankins "researched ways to kill John Jasmer and plotted to kill John Jasmer." (Id. ¶ 4.7.) She alleges that Goldman and Hankins hit John Jasmer with a hammer, stabbed, strangled, and smothered him. (Id. ¶ 4.13.) And she alleges that Lisa Daniels and Jeff Goldman are responsible for the acts of their minor son. (Id. ¶ 7.5.) Thus, Donna Jasmer alleges that Joshua Goldman's intentional acts caused the death of John Jasmer and that Jeff Goldman is liable for those intentional acts.

Jeff Goldman's homeowner's insurance policy does not cover injuries caused by intentional acts. The contract covers damages that the insured has to pay because of bodily injury or property damage arising from an "accident." But the contract does not cover bodily injury or property damages caused by intentional acts:

> **Losses We Do Not Cover Under Coverage X:**
>
> 1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
>
> a) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
>
> b) such bodily injury or properly damage is sustained by a different person than that intended or reasonably expected.

(Foley Decl., Ex. B.) This policy language is unambiguous: it clearly excludes from coverage damages for bodily injury intentionally caused by an insured. Because Joshua Goldman's alleged conduct is intentional and criminal in nature, it is excluded under the Allstate policy. And under the language of the policy, the intentional acts of "any insured" preclude coverage for all insureds for

ORDER - 3

1  claims arising from those intentional acts. See Farmers Ins. Co. v. Hembree, 54 Wn. App. 195, 201-
2  03 (1989). Therefore, Donna Jasmer's claims against Jeff Goldman are also excluded.

3  **III. Allstate Has No Duty to Defend**

4  An insurer has a duty to defend its insured against claims that, if proven, would impose
5  liability upon the insured within the coverage of the insurance policy. Truck Ins. Exch. v. VanPort
6  Homes, 147 Wn.2d 751, 760 (2002). "[I]f the alleged claim is clearly not covered by the policy ...
7  the insurer [is] relieved of its duty to defend." Id. Because Donna Jasmer's claims against the
8  Goldmans are not covered by the policy, Allstate has no duty to defend the Goldmans against her
9  claims.

10  **Conclusion**

11  The Court GRANTS Allstate's motion for summary judgment. Because the claims in the
12  underlying litigation against the Goldmans arise from Joshua Goldman's intentional and criminal acts,
13  they are not covered under the Allstate homeowners insurance policy. Therefore, Allstate is not
14  obligated to provide coverage for, or a defense to, Joshua Goldman or Jeff Goldman for the claims
15  made against them by Donna Jasmer.

16  The Clerk is directed to send copies of this order to all counsel of record.

17  Dated: October 3rd, 2007.

19  Marsha J. Pechman
   United States District Judge

ORDER - 4